PER CURIAM.
¶1 Patricia Ann Murphy and Patricia Gaffney appeal a judgment of foreclosure. The issues are whether the circuit court properly dismissed their counterclaims and whether the court properly granted summary judgment rejecting their affirmative defense of unclean hands. We conclude that the counterclaims were properly dismissed, but there is a dispute of material fact that precludes summary judgment on the affirmative defense. Therefore, we reverse and remand.
¶2 The appellants argue that they have valid counterclaims against Nationstar Mortgage because Nationstar failed to properly process their request for a loan modification under a federal program. Their first legal theory is that Nationstar's erroneous processing of their application violated the implied duty of good faith and fair dealing that exists in every contract.
¶3 The appellants acknowledge that no case has yet held that a lender breaches the duty of good faith by failing to properly analyze a loan modification application. The appellants rely only on a federal case suggesting that such a claim might be possible under Massachusetts law in some circumstances. See Young v. Wells Fargo Bank, NA , 717 F.3d 224, 239 (1st Cir. 2013). Based on the current state of the law, as presented by the appellants, we decline to extend the good-faith concept to create a contractual obligation regarding loan modification processing.
¶4 The appellants' second legal theory is that Nationstar's failure to properly process their loan modification application violated a Wisconsin statute, WIS. STAT. § 224.77(1)(k) (2015-16).[1] That statute prohibited Nationstar from violating "any federal or state statute, rule, or regulation that relates to practice as a mortgage banker, mortgage loan originator, or mortgage broker." The appellants argue that Nationstar's improper processing of their application was contrary to requirements in the handbook for the federal HAMP program.
¶5 The appellants argue that the statute was violated because the requirements in the handbook were a federal "rule or regulation." They make this argument without further elaboration, explanation, or citation to legal authority for the proposition that the content of the handbook qualifies as a "rule" or "regulation." In normal legal usage, rules and regulations are provisions that have the force of law and have been promulgated through an administrative process. The appellants' cursory argument has not established that the handbook's content is a rule or regulation for purposes of this statute.
¶6 Finally, the appellants argue that a dispute of material fact makes summary judgment improper on their affirmative defense of unclean hands. They argue that such a defense is supported by an affidavit by Murphy stating that she stopped making payments because Nationstar told her to stop while the loan modification application was pending.
¶7 Nationstar's response to this argument does not directly address the Murphy affidavit's assertion that a Nationstar employee told her to stop paying. Nationstar incorrectly describes her affidavit as containing "generic statements." It also describes her affidavit as "admit[ting] that their failure to pay was the result of lost income pursuant to medical issues." While it is true that the Murphy affidavit acknowledges that she had financial concerns for that reason, it does not say that this was the reason she stopped paying.
¶8 Nationstar asserts that its own affidavits contradict Murphy's affidavit, but that does not help Nationstar. Rather, it simply confirms that there is a dispute of fact. Nationstar does not argue that this fact is not material. Therefore, we conclude that there is a dispute of material fact that precludes summary judgment as to the appellants' affirmative defense of unclean hands. See WIS. STAT. § 802.08(2). Accordingly, we reverse and remand for further proceedings.
By the Court .-Judgment reversed and cause remanded.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.